CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 30 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| KENNETH VALENTINE AWE,<br>    Plaintiff, | Civil Action No. 7:14-cv-00178 |
| v. | MEMORANDUM OPINION |
| GEORGE HINKLE, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>    Senior United States District Judge |

Kenneth Valentine Awe, a Virginia inmate proceeding pro se and in forma pauperis, filed a civil rights action, pursuant to 42 U.S.C. § 1983, to challenge a policy of the Virginia Department of Corrections ("VDOC"). Plaintiff names as defendants George Hinkle, a VDOC Regional Administrator; R. Mathena, Warden of the Red Onion State Prison ("ROSP"); and Walwrath, the ROSP Assistant Warden. Defendants filed a motion for summary judgment, and Plaintiff responded, making the matter ripe for disposition. After reviewing the record, I grant Defendants' motion for summary judgment.

## I.

Plaintiff alleges that Defendants violated Plaintiff's alleged right, as an indigent inmate, to access the Governor of the Commonwealth of Virginia "to litigate [a] pardon petition[] and detainer extradition issues[,] which the Governor is the only . . . authority who has to the power to rule" on the requests. Plaintiff concludes that the alleged right arises from the First, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Fourteenth Amendments. Plaintiff seeks $10,000 and an injunction requiring Defendants to mail the documents to the Governor at the VDOC's cost and to stop discriminating against indigent inmates.

VDOC Operating Procedure 803.1, "Offender Correspondence" (the "OP"), defines legal mail and special purpose mail distinctly. Legal mail is defined as correspondence sent to or

received from verified attorneys; the Virginia State Bar; tort claims filed with the Virginia Division of Risk Management; and officers of state, federal, and local courts.[1] Special purpose correspondence is defined as correspondence sent to or received from, inter alia, federal and state executive and legislative offices. Notably, the OP permits the VDOC to loan indigent inmates money to buy ten first class postage stamps per week in order to send legal mail.[2] However, loans are not permitted to send special purpose mail.

On January 14, 2014, Plaintiff requested a loan of $1.92 to pay for what Plaintiff labeled as legal mail to the Governor. Staff denied the withdrawal request because correspondence to the Governor does not meet the definition of "legal mail" for a loan of the postage fee. Instead, the mail to the Governor was considered "special purpose" mail, and staff refused to loan Plaintiff the money needed to mail the documents to the Governor.

## II.

Defendants filed a motion for summary judgment, arguing that they are entitled to qualified immunity. Qualified immunity permits "government officials performing discretionary functions . . . [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of

---

[1] Officers of courts include the Attorney General of Virginia, Commonwealth Attorneys, and their assistants.
[2] Defendants do not contest that Plaintiff was "indigent" at the relevant time.

2

fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-23. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

### III.

Plaintiff fails to describe how he has a "clearly established" First Amendment right to free postage to send the Governor documents challenging a detainer and asking for a pardon. Plaintiff does not describe how he has a constitutionally protected interest in applying for, being considered for, or receiving a pardon. Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981); see Va. Const. art. V § 12 (granting the Governor the exclusive discretion to grant pardons). Although the First Amendment protects the right of a person to petition the government for redress of grievances, Plaintiff does not articulate how the VDOC has an

affirmative, constitutional duty to loan him money to send special purpose mail to the Governor, and Plaintiff further fails to describe how the VDOC actively prohibits him from petitioning the Governor for a pardon. See Lewis v. Casey, 518 U.S. 343, 354 (1996) (recognizing that a state has no affirmative duty to enable prisoners to discover grievances and to litigate effectively once in court); Smith v. Ark. State Highway Employees, 441 U.S. 463, 465 (1979) ("But the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association. . . ."). Accordingly, Plaintiff's own poverty prevents him from paying for postage to the Governor, and he fails to establish that a defendant violated one of his federal rights.[3]

## IV.

For the foregoing reasons, I grant Defendants' motion for summary judgment.

ENTER: This 30th day of October, 2014.

Senior United States District Judge

---

[3] Plaintiff also has not sufficiently described how Hinkle, Mathena, and Walwrath deprived Plaintiff of a federal right. Plaintiff does not allege any personal involvement, either by act or omission, with staff's decision to classify mail to the Governor as "special purpose" or the creation of the policy by another VDOC official. The Defendants merely responded to grievances after the mail was denied, in conformity with VDOC policy, and the "after-the-fact denial of a grievance falls far short of establishing § 1983 liability." DePaola v. Ray, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, at *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (Sargent, M.J.). Supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978); Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that § 1983 requires a showing of defendant's personal fault either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Plaintiff merely concludes that all acts committed by Hinkle, Mathena, and Walwrath violated numerous amendments, but such conclusions are not entitled to an assumption of truth. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).